■ In the Matter of NEW YORK COUNTY LAWYERS ASSOCIATION, Respondent. LORENZO J. ROEL, Appellant.— Order unanimously affirmed, without costs. In considering the problems raised by this case, it is not necessary, nor is it desirable, that every possible mode of activity by a foreign lawyer be classified under the applicable provisions of section 270 of the Penal Law. What is clear, and what is necessary, for the determination in this case, is that a foreign lawyer, who maintains an office in this State for the regular and con-

tinuous conduct of his affairs, and, in that connection, provides advice and active assistance in the initiation of actions and proceedings in the foreign jurisdiction to members of the public in this State, is engaged in the practice of law within the meaning of section 270. It is obvious that section 270, as it now reads, in its impact on the activities of foreign lawyers providing advice on foreign law in this State, involves many more problems than are presented in this case. On these questions we do not pass, as we should not, but the concerns expressed by the various Bar Associations, who have · appeared in this matter as *amici curiae,* suggest the desirability of additional legislation. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [4 Misc 2d 728.]